# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2876

_____

United States of America,          *
                               *
        Appellant,          *
                               *   Appeal from the United States
      v.                  *   District Court for the Northern
                               *   District of Iowa.
Troy Henkel,                 *
                               *   [PUBLISHED]
        Appellee.           *

_____

Submitted: February 11, 2004
Filed: March 4, 2004

_____

Before BYE and HEANEY, Circuit Judges, and HOVLAND,[1] District Judge.

_____

HOVLAND, District Judge.

     An Indictment was filed on November 15, 2002, charging Troy Henkel with the offense of conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841. On February 26, 2003, Henkel entered a plea of guilty and was sentenced to 63 months imprisonment and 5 years of supervised release. As

_____

     [1] The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

a special condition of supervised release, the district court[2] prohibited Henkel from the "use of alcohol" and "from frequenting bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol."  Henkel filed a timely notice of appeal on July 21, 2003.  Henkel does not contest his conviction, but appeals the district court's imposition of a special condition of supervised release pertaining to the prohibition of alcohol and the frequenting of bars, taverns, and other similar establishments.  Henkel claims that the special conditions of supervised release violate his right to contract for employment.

It is well-established that sentencing judges are afforded wide discretion when imposing terms and conditions of supervised release.  United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002).  We review the terms and conditions of supervised release for plain error when the defendant fails to raise an objection to those terms.  United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003).  The defendant did not object or request an explanation of the district court's decision concerning the conditions of supervised release imposed at the time of sentencing. As such, our review is only for plain error.

Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the substantial rights of the defendant.  United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003); United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002); United States v. Montanye, 996 F.2d 190, 192-193 (8th Cir. 1993) (en banc).

The United States Sentencing Commission has authorized the imposition of any sentencing condition that is "reasonably related to... the nature and circumstances

---

[2] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

of the offense and the history and the characteristics of the defendant;" "the need ... to afford adequate deterrence to criminal conduct;" and "the need to protect the public from further crimes of the defendant...."U.S. Sentencing Commission Guidelines Manual (USSG) § 5D1.3(b).  United States v. Bass, 121 F.3d 1218, 1223 (8th Cir. 1997).  However, the terms of supervised release cannot inflict a greater deprivation of liberty than is reasonable and necessary to effectuate the goals of Congress and the United States Sentencing Commission.  United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992).

The defendant contends that there is no support in the record for the special conditions of supervised release imposed by the district court.  However, the record clearly demonstrates that the defendant has a significant problem with alcohol and controlled substances.  The presentence report (PSR) reveals that on one occasion after a bar in which the defendant had been drinking closed, the defendant and his wife went to a residence where the defendant began to attack his wife.  Another person attempted to intervene and the defendant repeatedly hit that person with a shovel.  While the defendant has denied a history of alcohol abuse, he admitted in the PSR to drinking "a couple of quarts" of beer on weekends and receiving treatment on an out-patient basis on several different occasions.  The PSR also discloses that the defendant admitted his drug of choice was methamphetamine, which he began using in 1993.  This was obviously the reason that the district court ordered, without objection, the defendant participate in the Bureau of Prisons' 500-hour comprehensive residential drug abuse treatment program.  The record clearly establishes the basis for the special conditions of supervision ordered by the district court.

Finally, Henkel asserts that the special conditions of supervised release may impact his potential for future employment.  This argument is without merit.  The defendant is not employed at the present time and is currently incarcerated in federal prison.  Therefore, arguably, no case or controversy exists.  Nevertheless, if the

defendant's future employment is limited by the conditions of supervised release, he may apply to the district court for an appropriate modification. <u>See</u> 18 U.S.C. § 3583(e)(2) (the court may modify the conditions of supervised release "at any time"). The defendant is free to pursue all forms of employment upon his release from imprisonment. If upon release from federal prison the defendant can only find employment which requires him to enter a bar, tavern, or other place whose primary source of income is derived from the sale of alcohol, the defendant may seek a modification of his release conditions from the district court. The defendant has failed to show that the district court committed plain error in imposing the special condition of supervised release.

Accordingly, we affirm.

_____