# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3262

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the Northern
　　　　　　　　　　　　　　　　　*　District of Iowa.
Jeffrey Glenn Holt,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　Defendant - Appellant.　　*

_____

Submitted: May 17, 2006
Filed: May 22, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Jeffrey Glenn Holt committed numerous violations of the terms of his supervised release, the district court[1] revoked his release and sentenced him to fourteen months imprisonment followed by supervised release, which included the special condition that Holt spend up to 180 days in a community corrections center. Holt appeals, alleging that the district court imposed the halfway house term without explaining why it was appropriate, that the record does not support the condition, and

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

that it effectively adds six months to his term of imprisonment and is a greater deprivation of his liberty than is reasonably necessary in violation of 18 U.S.C. § 3583(d)(2).

At the revocation hearing on August 10, 2005, Holt admitted that he had violated the terms of his release on more than twenty occasions and that he was having difficulty readjusting to society after serving the 120 month sentence imposed for his earlier drug offense. The district court commented that Holt had a criminal history category of III and a serious substance abuse problem. It also noted that he had not complied with urinary analysis requirements, that he had used alcohol, that he had not notified the Probation Office of his multiple contacts with law enforcement, and that he had failed to file the monthly report. After further discussion of the 18 U.S.C. § 3553(a) factors, the court imposed the revocation sentence. Holt raised no objection to the special condition at the time.

We review conditions of supervised release to which a defendant did not object for plain error, see United States v. Henkel, 358 F.3d 1013, 1014-1015 (8th Cir. 2004), and we recognize the wide discretion given to district courts in imposing supervised release. United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002). We conclude that based on Holt's criminal history, his drug and alcohol problems, and his admitted difficulty readjusting to society, the district court imposed the least restrictive means to allow close monitoring, help Holt maintain his sobriety, and prevent future crime. The district court explained its reasons for the revocation sentence and did not abuse its discretion by including the halfway house condition.

Accordingly, we affirm the judgment of the district court.

_____

2