# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1906

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Daryel Oliver, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2007
Filed: December 21, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daryel Oliver--proceeding pro se upon his own motion, but with court-appointed standby counsel--appeals the sentence the district court[1] imposed after revoking his supervised release. We hold that the district court did not clearly err in finding that Oliver had violated the conditions of his supervised release, and thus we conclude that the court did not abuse its discretion in revoking his supervised release. See 18 U.S.C. § 3583(e)(3) (permitting revocation of supervised release if court finds by preponderance of evidence that defendant violated condition of supervised release);

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam) (given defendant's admission of violation of supervised-release condition, concluding that district court did not clearly err in its factual findings supporting revocation and did not abuse its discretion in deciding to revoke supervised release).

We further hold that Oliver's 33-month prison sentence is reasonable, as it is below the applicable statutory maximum and within the advisory Guidelines range, and it resulted from the district court's consideration of the appropriate statutory factors. See 18 U.S.C. § 3583(e)(3); United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006); United States v. Tyson, 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam). As to the remaining issues properly presented on appeal, we conclude that none were preserved in the district court, and thus our review is for plain error only. See Fed. R. Crim. P. 52(b). Upon such review, we find no basis for reversal. The district court did not plainly err in declining to give Oliver credit toward his revocation sentence for time that was credited against a state-court sentence. See 18 U.S.C. § 3585(b); Johnson v. United States, 529 U.S. 694, 700-01 (2000). The district court did not plainly err in fashioning new conditions of supervised-release. See U.S.S.G. § 5D1.3(b); United States v. Henkel, 358 F.3d 1013, 1015 (8th Cir. 2004). And the record does not support a finding of governmental misconduct in connection with the revocation of supervised release or the resulting sentence.

Accordingly, the judgment of the district court is affirmed, and Oliver's motions for appointment of new standby counsel are denied.

_____