# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1070
_____

United States of America,

       Appellee,

v.

Nichole Marie Forde,

       Appellant.

_____

No. 11-1071
_____

United States of America,

       Appellee,

v.

James Joshua Toliver,
also known as "J,"

       Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*   Appeals from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: October 19, 2011
Filed: January 5, 2012

_____

Before RILEY, Chief Judge, SHEPHERD, Circuit Judge, and MAGNUSON,[1] District Judge.

_____

RILEY, Chief Judge.

Nichole Marie Forde and James Toliver each pled guilty to drug charges involving the distribution of a mixture containing cocaine base. The district court[2] sentenced both to imprisonment and subsequent probation. On appeal, Forde challenges the reasonableness of her sentence, and Toliver challenges a special condition of probation prohibiting him from using alcohol and "from entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol." We affirm.

## I.    BACKGROUND

In June 2010, a grand jury returned an eight-count indictment against Forde and Toliver, charging each with six counts of drug offenses related to distributing cocaine base. Forde pled guilty on all six counts, and Toliver pled guilty on one count of conspiracy to distribute. The government dismissed the remaining five counts against Toliver.

The United States Probation Office prepared a presentence investigation report (PSR) for each defendant, and the district court presided over separate sentencing hearings. The district court sentenced Forde to 327 months imprisonment and ten years of supervised release, and Toliver to 180 months imprisonment and ten years supervised release. As a special condition of supervised release, the district court

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

prohibited both defendants from using alcohol and "from entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol." Forde and Toliver appeal.

## II.     DISCUSSION
### A.     Forde's Sentence

The district court calculated Forde's advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range to be 262 to 327 months imprisonment (total offense level of 34 and criminal history category of VI). After considering the 18 U.S.C. § 3553(a) factors, and specifically recognizing "the drug quantities" involved in Forde's offenses, "the length of time, and the fact that [Forde] is a recidivist," the district court imposed a 327-month sentence.

Forde claims her sentence is unreasonable. "We review the substantive reasonableness of a sentence under an abuse of discretion standard." United States v. Kowal, 527 F.3d 741, 749 (8th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). A district court abuses its discretion when "it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (internal quotation marks omitted)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008) (internal quotation marks omitted)).

Forde's primary argument is that the district court improperly weighed certain factors in determining her sentence. Forde contends "[t]he district court did not truly consider" her claim that her relationship with an abusive boyfriend "turned her into a

drug dealer." But a review of the sentencing transcript shows the district court expressly considered and rejected Forde's claim. This analysis was well within the district court's discretion.

We also reject Forde's assertion it was improper, when imposing Forde's sentence, for the district court to consider the government's decision not to file an information to establish prior convictions—which the district court observed would have qualified Forde for a mandatory life sentence. See United States v. Alvarado, 615 F.3d 916, 925 (8th Cir. 2010) ("[T]he district court did not consider an inappropriate or irrelevant factor by considering the benefit [the defendant] received from the government's charging decision.").

The remainder of Forde's arguments are without merit. Because Forde's sentence was within the advisory Guidelines range it receives "a presumption of substantive reasonableness." United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009) (quoting United States v. Phelps, 536 F.3d 862, 869 (8th Cir. 2008) (internal quotation marks omitted)). Forde has not rebutted that presumption, and we affirm her sentence.

### B.    Toliver's Special Condition

Toliver challenges the district court's imposition of a special condition prohibiting him from using alcohol and "from entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol." Because Toliver objected to this condition at the sentencing hearing, "we review its imposition for abuse of discretion." United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011).

While the district court's discretion is broad when imposing a special condition, it is not absolute. A special condition must be reasonably related to certain sentencing factors set forth in 18 U.S.C. § 3553(a), see 18 U.S.C. § 3583(d)(1), "the nature and

circumstances of the offense and the history and characteristics of the defendant," and the need "to afford adequate deterrence to criminal conduct[,] . . . protect the public from further crimes . . . and . . . provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(1), (a)(2)(B)-(D). A special condition may not deprive an individual of more "liberty than is reasonably necessary" to accomplish these purposes, and must be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)." § 3583(d)(2)-(3). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as 'to ensure that the special condition satisfies the statutory requirements.'" Wiedower, 634 F.3d at 493 (quoting United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010)).

Our precedent in reviewing alcohol prohibitions has "yielded mixed results." United States v. Simons, 614 F.3d 475, 480 (8th Cir. 2010). "In general, we have upheld such bans for defendants with substance-abuse problems," but have reversed "where the defendant's history or crime of conviction did not support a complete ban on alcohol." See id. (citing cases for this proposition).[3] In Toliver's case, there is no indication his crime of conviction—conspiring to distribute cocaine—was in any way related to alcohol or bars, taverns, or similar establishments. The question then is whether Toliver's history justified prohibiting him from both using alcohol and entering bars and taverns. Though a close question, we conclude it does.

---

[3]Since Simons, we have vacated conditions prohibiting the use of alcohol where there was no evidence either linking alcohol to the crime of conviction or demonstrating the defendant was alcohol or drug dependent. See United States v. Wisecarver, 644 F.3d 764, 775-76 (8th Cir. 2011); United States v. Walters, 643 F.3d 1077, 1080 (8th Cir. 2011).

According to the PSR, Toliver, 26 years old at the time of sentencing, reported that he "started to consume alcohol when he was 18 years old," and "considered himself a 'social' drinker ever since." Toliver also "reported daily use of marijuana since he was 13 years old" and he had "completed a four-week outpatient drug program in Chicago." The district court found Toliver was a substance abuser and in making an individualized assessment, explained it was "familiar with the addiction process and the fact that there is cross addiction, that drug users when they get off of drugs frequently abuse alcohol," and the alcohol and bars and taverns restriction is "primarily . . . because [Toliver] is also a substance abuser when it comes to marijuana."

Toliver maintains we should vacate the special condition under the authority of United States v. Bass, 121 F.3d 1218 (8th Cir. 1997). In Bass, the district court imposed a special condition prohibiting alcohol use upon a convicted drug dealer who, according to the PSR, "smoked marijuana approximately twice per week until his arrest" and "imbibed alcohol on weekends since the age of 18." Id. at 1224 (internal marks omitted). The district court reasoned that "[a]nybody who is drug dependent can have a tendency, if one particular drug is cut off, to use some other drug." Id. We determined the district court's reasoning in Bass was inadequate because, though the defendant "used marijuana on a somewhat regular basis, there was no evidence before the district court that he was 'drug dependent.'" Id. We also believed "it was incorrect for the district court to simply assume that [the defendant] would as a matter of course replace alcohol for marijuana." Id.

But Toliver's case is different than Bass because there is evidence Toliver is drug dependent. We recognized in Bass "it would be a different case altogether if the [g]overnment had presented cogent evidence indicating that [the defendant's] marijuana usage did render him drug dependent." Id. at 1224 n.3. By his own admission, Toliver has used marijuana *daily* for the past 13 years—approximately half of his life. His criminal history shows several arrests and convictions involving

marijuana or cocaine. Toliver continued to abuse drugs during and after participating in a drug treatment program. Considering Toliver's extensive history of drug abuse, the record sufficiently supports the district court's assessment that Toliver is drug dependent.

Nor did the district court abuse its discretion by imposing the condition based on its belief that "drug users when they get off of drugs frequently abuse alcohol." We have interpreted Bass as "limit[ing] the district court's discretion only insofar as the court imposes limitations on the basis of pure speculation or assumptions unrelated to the rehabilitative process." United States v. Crose, 284 F.3d 911, 913 (8th Cir. 2002) (per curiam) (quoting United States v. Behler, 187 F.3d 772, 779 (8th Cir. 1999) (internal quotation marks omitted)). And Bass predates the Supreme Court's series of sentencing cases emphasizing a sentencing court's broad discretion in crafting an individualized sentence. See, e.g., Gall, 552 U.S. at 41, 48-52 (recognizing Gall's special condition of supervised release "not [to] patronize any establishment that derives more than 50% of its revenue from the sale of alcohol"). The sentencing landscape has changed substantially since Bass.

In light of this change in landscape, we recognize Bass does not categorically foreclose the use of "judicial common sense." United States v. Cavera, 550 F.3d 180, 205 (2d Cir. 2008) (en banc) (Raggi, J., concurring) (citing Gall, 552 U.S. at 52 & n.7); accord United States v. Hill, 552 F.3d 686, 692 (8th Cir. 2009) (recognizing a district court is not required to sentence "in a vacuum or disregard its substantial sentencing experience"); cf. United States v. Bertling, 370 F.3d 818, 820 (8th Cir. 2004) (concluding the sentencing court did not abuse its discretion in denying funding for an expert witness concerning domestic violence because "the court relied on its general knowledge about [domestic violence] gained by experience on the bench"). But we need not decide whether judicial common sense alone is enough to make the district court's concern with the threat cross addiction posed to Toliver's rehabilitation process more than pure speculation. This is because, since Bass, we twice have recognized

"that the use of alcohol 'limits a recovering person's ability to maintain a drug-free lifestyle.'" Crose, 284 F.3d at 913 (quoting Behler, 187 F.3d at 779). Considering our observations in Crose and Behler, we determine it was within the district court's discretion to recognize the threat of cross addiction and respond by imposing the ban on alcohol use. "This is consistent with the statutory goals of deterrence and protecting the public from future offenses." Behler, 187 F.3d at 779.

We recognize the special condition's prohibition against frequenting bars, taverns, or similar establishments adds a restriction not present in Behler and Crose. But see United States v. Cooper, 171 F.3d 582, 586-87 (8th Cir. 1999) (upholding a similar special condition without distinguishing between the prohibition against alcohol use and the prohibition against frequenting bars and taverns). Toliver contends this aspect of the condition "imposes a greater deprivation of liberty than necessary to achieve the statutory purposes of supervised release" in violation of § 3583(d). But the district court expressly connected this aspect of the condition to Toliver's rehabilitation from his drug dependency, and we have upheld such a restriction for purposes of rehabilitation before. See Cooper, 171 F.3d at 586-87; United States v. Henkel, 358 F.3d 1013, 1015 (8th Cir. 2004). See generally Gall, 552 U.S. at 48-49 (using a similar special condition imposed upon Gall as an example of how probation substantially but permissibly restricts liberty). Considering the district court narrowed the scope of the prohibition to establishments "whose primary source of income is derived from the sale of alcohol," we determine the restriction is not overbroad and its imposition was within the district court's broad sentencing discretion.

Finally, we address Toliver's concern the restriction is vague. Toliver asks "[h]ow is [he] to know if [a restaurant that has a bar or serves alcohol] qualifies as a 'bar,' or if he is prohibited from being in the bar area, but the restaurant portion is acceptable." Toliver also wonders how he can determine "if any particular place's primary source of income is derived from the sale of alcohol." These are legitimate questions. After Toliver serves his time in prison, begins supervised release, and

wishes to frequent such establishments—Toliver may ask these questions of his probation officer, who is statutorily required to "instruct [Toliver] . . . as to the conditions specified by the sentencing court." 18 U.S.C. § 3603(1); see also United States v. Romero, 676 F.2d 406, 407 (9th Cir. 1982) ("The probation order of the court is the principal determinant of the conditions of probation, but it is not the sole source for defining the conditions. In addition to the bare words of the probation condition, the probationer may be guided by the further definition, explanations, or instructions of the district court and the probation officer."). Should Toliver desire to enter an establishment his probation officer says violates the condition, "he may apply to the district court for an appropriate modification." Henkel, 358 F.3d at 1015; see also United States v. Thomas, 198 F.3d 1063, 1065 (8th Cir. 1999) (declining to determine a premature overbreadth and vagueness challenge to a sentencing condition and noting the defendant could "petition for modification of his supervised release conditions" under 18 U.S.C. § 3583(e)).

## III.    CONCLUSION

We affirm the district court's sentence for Forde and the alcohol supervised release condition for Toliver.

_____