BYE, Circuit Judge,
concurring in the result.
Because our review is for plain error and because our precedent dictates that we search the record in an attempt to discern the reasons for the imposed conditions, I reluctantly concur in the result reached by the majority.
I also do write separately, however, to express my deep concern for our circuit’s rapid erosion of appellate review of special conditions of supervised release. Our precedent is clear: “When crafting a special condition of supervised release, the district court must make individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.” United States v. Forde, 664 *766 F.3d 1219, 1222 (8th Cir.2012) (internal quotation marks and citation omitted) (emphasis added). We continue to cite this language in our opinions discussing the imposition of special conditions. We continue to emphasize district courts must be careful to “conduct an inquiry on an individualized basis” and “not impose special conditions categorically on all individuals convicted of certain offenses.” United States v. Morais, 670 F.3d 889, 895 (8th Cir.2012). Yet, we have effectively begun eroding this requirement by suggesting that “ ‘[a]t some point, there must be a limit to the need for an individualized inquiry, because certain characteristics may justify corresponding conditions for virtually all offenders with such characteristics.’ ” Ante at 758 (quoting United States v. Springston, 650 F.3d 1153, 1156 (8th Cir.2011) (vacated on other grounds) (emphasis added)). I cannot reconcile this newly suggested approach with the clearly established law of our circuit as to special conditions having to be based on the “nature and circumstances of the [particular] offense and the history and characteristics of the [individual] defendant.” United States v. Bender, 566 F.3d 748, 752 (8th Cir.2009) (internal quotation marks and citation omitted). Thus, unless and until our en banc court decides otherwise, our circuit’s precedent requires district courts to make an inquiry based on an individual basis and prohibits them from imposing “a special condition on all those found guilty of a particular offense.” United States v. Davis, 452 F.3d 991, 995 (8th Cir.2006).
We also continue to emphasize that district courts must “make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.” Forde, 664 F.3d at 1222 (internal quotation marks and citation omitted). Yet, we willingly parse through extensive records, as we did in this case, engaging in unassisted searches of evidence to find some support — any support — for the imposed conditions and forgetting it is the district court’s responsibility in the first instance to provide us with the reasons behind its decision. See, e.g., United States v. Schaefer, 675 F.3d 1122, 1124 (8th Cir.2012) (“While this court encourages detailed findings, it is enough that the basis for the imposed condition can be discerned from the record.”); United States v. Thompson, 653 F.3d 688, 694 (8th Cir.2011) (holding a special condition need not be vacated “if the basis for the imposed condition can be discerned from the record”). We call these unassisted searches a “harmless error” review. But at some point, we must also remember we are not ferrets obligated to sift through voluminous records in search of some evidence which might support the imposed conditions. We must also remember that the responsibility to make sufficient findings on the record lies with the district courts, not our court. We must remember there is a difference between reasons which are easily discerned from the record, see, e.g., United States v. Carlson, 406 F.3d 529, 532 (8th Cir.2005) (upholding a special condition in the absence of detailed findings because the record clearly “justified, if indeed not compelled” the imposed condition), and reasons we speculate to be the basis for the imposed conditions only after we have extensively searched for them in, or even outside, the record, see, e.g., United States v. Mosley, 672 F.3d 586, 591-92 (8th Cir.2012) (looking to the Physician’s Desk Reference to explain the possible effect of alcohol on individuals taking certain medications and to support, in part, the district court’s decision to impose a special condition banning the use of any alcohol).
Because I fear our review of special conditions of supervised release is headed *767 in the wrong direction, I urge us not to forget our precedent still requires “a particularized showing of the need for the [special] condition in each case.” United States v. Kelly, 625 F.3d 516, 520 (8th Cir.2010). We must, therefore, not allow the categorical imposition of special conditions “on all those found guilty of a particular offense,” Davis, 452 F.3d at 995, and hold district courts accountable for the failure to show they engaged in an individualized inquiry by making sufficient findings on the record.
I therefore reluctantly concur in the result.