# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2572

_____

United States of America

*Plaintiff - Appellee*

v.

Andre Roberts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa

_____

Submitted:  January 13, 2012
Filed:  August 9, 2012

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Andre Roberts was convicted of being a felon and an unlawful drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2).  Pursuant to a conditional plea agreement, he appeals the district court's[1]

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

denial of his motion to suppress as well as a condition of supervised release that the district court imposed. We affirm.

I.

The traffic stop that resulted in Roberts's apprehension occurred on August 7, 2009, in Cedar Rapids, Iowa, at approximately 10:20 p.m. Roberts was seated in the rear seat of an Isuzu Rodeo that Officer Dillon Boenish of the Cedar Rapids Police Department stopped because its rear license plate was not illuminated. Officer Boenish observed this traffic violation as he and the Isuzu passed each other traveling in opposite directions on a well-traveled street. The Isuzu, which contained three passengers in addition to the driver, pulled into a drug store parking lot and Officer Boenish came to a stop behind it. At that point, Roberts opened his door but then closed it when Officer Boenish instructed him to do so. The cruiser's video camera recorded the entire stop, but Office Boenish did not record the audio of the encounter, though he had the ability to do so.

Officer Boenish exited his cruiser, called the Isuzu's license plate number in to dispatch, and approached the car to speak to the driver about the unlit license plate. The driver stated that the light had been out for six years, but that she intended to remedy the situation, showing Officer Boenish a replacement bulb that was in the glove compartment.

Officer Boenish then circled to the other side of the car and requested identification from the Isuzu's occupants, who complied with the request. Identifications in hand, Officer Boenish returned to the cruiser and ran warrant checks on the occupants. Following some confusion as to whether a warrant was outstanding for Roberts, Officer Boenish confirmed through dispatch the existence of a warrant for Roberts's arrest and again approached the Isuzu, instructing Roberts to exit the car. At this point, Roberts exited the car and fled, but he was quickly apprehended and

found to be in possession of marijuana and a firearm. Officer Boenish did not issue a warning or citation to the driver, nor did he ever begin the process of doing so.

A grand jury returned a one-count indictment charging Roberts with being a felon and unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). Roberts moved to suppress the evidence seized from him, arguing that the traffic stop was unconstitutionally prolonged beyond the time reasonably necessary to complete the purposes of the stop. Thereafter, he entered a conditional plea agreement, reserving his right to appeal any adverse ruling on the motion. Following an evidentiary hearing, the magistrate judge issued a Report and Recommendation recommending the motion be denied. The district court adopted the Report and Recommendation in whole, concluding that Roberts's motion was "wholly without merit." At a subsequent sentencing hearing, as a special condition of supervised release, the district court required that Roberts neither use alcohol nor "enter[] bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol." Pursuant to his conditional guilty plea, Roberts now appeals the district court's denial of his motion to suppress. In addition, he challenges the special conditions of supervised release imposed upon him at sentencing.

II.

Roberts argues that Officer Boenish unconstitutionally extended the duration of the traffic stop when he turned his focus away from the initial purpose of the stop and toward the identity and warrant status of the car's passengers. Under Arizona v. Johnson, 555 U.S. 323 (2009), "[a]n officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop." Id. at 333. The question therefore is whether Officer Boenish's inquiry into Roberts's warrant status "measurably extend[ed] the duration of the stop" under

Johnson and its progeny. We review de novo the district court's conclusions of law on a motion to suppress. United States v. Bowman, 660 F.3d 338, 343 (8th Cir. 2011).

Following a traffic stop, police officers may conduct "a number of routine but somewhat time-consuming tasks related to the traffic violation, such as computerized checks of the vehicle's registration and the driver's license and criminal history, and the writing up of a citation or warning." United States v. Munoz, 590 F.3d 916, 921 (8th Cir. 2010) (internal quotation omitted). However, "once the officer decides to let a routine traffic offender depart with a ticket, a warning or an all clear—a point in time determined, like other Fourth Amendment inquiries, by objective indicia of the officer's intent—then the Fourth Amendment applies to limit any subsequent detention or search." United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 648 (8th Cir. 1999). Both before and after Johnson, this court has held that "a de minimis delay does not violate the Fourth Amendment." United States v. Norwood, 377 F. App'x. 580, 582 (8th Cir. 2010) (unpublished); see also United States v. Olivera-Mendez, 484 F.3d 505, 511 (8th Cir. 2007) ("[W]e do not think [the officer] effected an unreasonable seizure simply by asking three brief questions related to possible drug trafficking amidst his other traffic-related inquiries and tasks.").

Here, Officer Boenish began the traffic stop by discussing the license plate issue with the driver before proceeding to run concurrent warrant checks on the car's occupants. As we have repeatedly recognized, checking a driver's identification is one of the "routine but somewhat time-consuming tasks related to the traffic violation" that an officer is permitted to conduct in the course of a traffic stop. United States v. Bracamontes, 614 F.3d 813, 816 (8th Cir. 2010) (internal quotation omitted). Because Officer Boenish's investigation into Roberts's warrant status was concurrent with his conduct of the investigation into the initial purposes of traffic stop, the traffic stop was not prolonged by the inquiry into Roberts's warrant status. See United States v. Long, 532 F.3d 791, 795 (8th Cir. 2008) ("Asking an off-topic question, such as whether a

driver is carrying illegal drugs, during an otherwise lawful traffic stop does not violate the Fourth Amendment."). Further, to the extent the stop was extended due to the uncertainty that arose regarding Roberts's warrant status, we have recognized that "a lawful detention may be prolonged for a reasonable time without violating the Fourth Amendment if complications arise while checking identification." United States v. Cloud, 594 F.3d 1042, 1045 (8th Cir. 2010). Accordingly, no Fourth Amendment violation occurred.

III.

Next, Roberts challenges the district court's imposition of a special condition of supervised release that prohibits Roberts "from the use of alcohol and [] from entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol." We generally review the imposition of special conditions for abuse of discretion, but when a defendant has failed to properly object to the imposition of the condition at the sentencing hearing, we review the imposition for plain error. United States v. Simons, 614 F.3d 475, 478 (8th Cir. 2010). The parties dispute whether defense counsel objected to the imposition of the condition at sentencing and accordingly whether this court's review is for abuse of discretion or instead for plain error. We need not resolve this issue, however, because even assuming the error was preserved, we must affirm.

A special condition of supervised release must be reasonably related to the sentencing factors articulated in 18 U.S.C. § 3553(a) and the nature and circumstances of the offense. United States v. Mosley, 672 F.3d 586, 589 (8th Cir. 2012). Further, the "special condition may not deprive an individual of more 'liberty than is reasonably necessary' to accomplish these purposes, and must be 'consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).'" United States v. Forde, 664 F.3d 1219, 1222 (8th Cir. 2012) (quoting 18 U.S.C. § 3583(d)(2)–(3)). Finally, the district court's "inquiry must take place on an individualized basis." Simons, 614 F.3d at 479 (internal quotation

omitted). Here, because Roberts's crime of conviction is completely unrelated to alcohol, "[t]he question . . . is whether [Roberts's] history justified prohibiting him from both using alcohol and entering bars and taverns." Forde, 664 F.3d at 1223. The district court explained its decision to impose the special condition as follows:

> But in this case, the reason that I impose the no alcohol condition is it—I think that the treatment providers would tell you that use of alcohol while you are trying to recover from drug addiction, which we have here, impedes the rehabilitation process, and particularly in the case of Mr. Roberts where he has this serious admitted addiction to marijuana. The other problem with him, of course, is some of his criminal behavior has taken place at bars, and so that's another problem. But the primary reason is, I find that it would interfere with his ability to rehabilitate himself from substance abuse.

This is exactly the sort of reasoning that this court recently found proper in Mosley, where we observed: "it was reasonable for the district court to treat Mosley as a recovering drug user, and our cases permit a sentencing court to recognize that 'the use of alcohol limits a recovering person's ability to maintain a drug-free lifestyle.'" Mosley, 672 F.3d at 591 (quoting Forde, 664 F.3d at 1224). It is undisputed that Roberts has been a daily, heavy user of marijuana, thus supporting the district court's finding that Roberts is drug dependent. Roberts cites United States v. Bass, 121 F.3d 1218 (8th Cir. 1997), to support his argument that marijuana use alone cannot support alcohol-related bans when the crime was unrelated to alcohol. However, "since Bass, we twice have recognized that the use of alcohol limits a recovering person's ability to maintain a drug-free lifestyle." Forde, 664 F.3d at 1224 (internal quotation omitted). Accordingly, the district court did not abuse its discretion when it "recognize[d] the threat of cross addiction and respond[ed] by imposing the ban on alcohol use." Id.

We affirm the judgment of the district court.

_____