# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1913
_____

United States of America

*Plaintiff - Appellee*

v.

Mallory Giles

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 12, 2012
Filed: January 28, 2013
[Unpublished]
_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In 2007, Mallory Giles was sentenced to 18 months imprisonment, to be followed by three years of supervised release, after pleading guilty to manufacturing and aiding and abetting in manufacturing counterfeit currency. In late 2011 and early 2012, Giles allegedly violated the terms of his supervised release by testing positive for drugs and tampering with a urine test. After a revocation hearing, the district

court[1] revoked Giles's supervised release and sentenced him to 24 months imprisonment. Giles now appeals the reasonableness of his sentence, and we affirm.

I.

Giles began his term of supervised release in late 2008. On November 1, 2011, a Petition for Warrant or Summons for Offender Under Supervision ("Petition") was filed alleging that Giles tested positive for THC metabolite and amphetamine in June and August of 2011, and also that Giles failed to participate in required substance abuse treatment. On March 28, 2012, an amended Petition was filed containing the additional allegations of attempting to tamper with a urine sample and testing positive for THC metabolite and methamphetamine in March of 2012. At a court appearance on April 5, 2012, Giles denied two of the allegations—noncompliance with substance abuse treatment and using methamphetamine in March of 2012—but admitted all other allegations in the amended Petition.

Giles's advisory Guideline range was 5 to 11 months imprisonment. See United States Sentencing Commission, Guidelines Manual, §7B1.4 (Grade C, Criminal History Category III). The district court acknowledged the Guideline range, but departed upwards and sentenced Giles to 24 months imprisonment, with no term of supervised release to follow. Giles now appeals his sentence.

II.

"We review the substantive reasonableness of a revocation sentence 'under a deferential abuse-of-discretion standard.'" United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). This is true

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

"[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Gall, 552 U.S. at 51. In imposing a revocation sentence, "[a] district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 504 (8th Cir. 2009) (quotation omitted).

A court may revoke a term of supervised release and impose imprisonment after considering a subset of the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3). Giles argues that the district court abused its discretion by "ignor[ing] the applicable advisory guideline range" and "incorrectly balancing the factors in 18 U.S.C. § 3553(a)." We disagree. During sentencing, the district court specifically acknowledged the advisory Guideline range of 5 to 11 months. The court also considered several of the relevant § 3553(a) factors. For example, the court discussed the nature and circumstances of Giles's actions, see § 3553(a)(1), noting the "numerous and repeated violations of the terms of supervision," and concluded that "the defendant cannot adequately be supervised in a setting less restrictive than prison." The court also noted the need for deterrence. § 3553(a)(2)(B). We find no error in the district court's judgment, or its weighing of the relevant section 3553(a) factors. Rather, the court's determination that Giles's conduct justified a sentence above the Guideline range falls within "a sentencing court's broad discretion in crafting an individualized sentence." United States v. Forde, 664 F.3d 1219, 1223 (8th Cir.), cert. denied, 132 S. Ct. 2789 (2012).

III.

Accordingly, the judgment of the district court is affirmed.

_____