# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-3575

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kelvin Maximillion Stanford

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: March 7, 2013
Filed: April 5, 2013
[Unpublished]

——————————

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Kelvin Stanford appeals after he pled guilty to drug and firearm offenses and the district court[1] imposed a within-Guidelines-range sentence. Stanford's counsel has

———————————————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court committed an error in calculating Stanford's Guidelines range, imposed an unreasonable sentence, and plainly erred in imposing a special condition of supervised release.

First, we conclude that there is no merit to counsel's argument challenging the district court's Guidelines calculations. *See United States v. Swanson*, 610 F.3d 1005, 1007-08 (8th Cir. 2010) (district court's Guidelines applications are reviewed de novo and its factual findings are reviewed for clear error; application of firearm enhancement requires district court to make finding that gun facilitated or had potential to facilitate drug possession; facilitation requirement "may be met when a defendant concurrently possesses drugs and a firearm while in public, like in a car"). Second, we find no basis for concluding that the district court abused its discretion by imposing an unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (discussing appellate court review of sentencing decision under abuse-of-discretion standard; noting that appellate court may apply presumption of reasonableness to within-Guidelines-range sentence). Third, we conclude that the district court did not plainly err in imposing an alcohol ban as a special condition of Stanford's supervised release. *See United States v. Roberts*, 687 F.3d 1096, 1100-01 (8th Cir. 2012) (upholding alcohol ban for daily, heavy user of marijuana, because alcohol use limits recovering person's ability to maintain drug-free lifestyle). Finally, having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no non-frivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____