# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3843

_____

United States of America

*Plaintiff - Appellee*

v.

Tearon Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: October 16, 2017
Filed: November 13, 2017
[Unpublished]

_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tearon Jackson pleaded guilty to possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and to possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The

district court[1] sentenced Jackson to 30 months' imprisonment and 3 years' supervised release.  We affirm.

Jackson challenges the application of the sentencing enhancement for using or possessing a firearm in connection with another felony offense.  See U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6)(B).  The district court determined that Jackson committed the federal firearms offenses in connection with the Iowa offense of carrying weapons in violation of Iowa Code § 724.4(1) and applied the enhancement set forth in § 2K2.1(b)(6)(B).

Jackson argues that application of the enhancement constitutes impermissible double counting because the federal firearms offenses are inextricably entwined with the state weapon offense.  See U.S.S.G. § 2K2.1 cmt. n.14(C) (defining "another felony offense" to mean an offense "other than the explosive or firearms possession or trafficking offense").  Jackson's argument is foreclosed by our decision in United States v. Walker, 771 F.3d 449, 452-53 (8th Cir. 2014), in which we explained that a violation of Iowa Code § 724.4(1) supports the application of U.S.S.G. § 2K2.1(b)(6)(B) because a defendant does not "automatically commit the [Iowa] felony when he violate[s] 18 U.S.C. § 922(g) by possessing a firearm as a [prohibited person]."  We reject Jackson's argument that Walker is factually distinguishable and thus does not apply here.  Although Jackson maintains that Walker was wrongly decided, it remains binding precedent in this circuit.  See United States v. Thigpen, 848 F.3d 841, 846 (8th Cir. 2017).

Jackson also challenges the special condition of supervised release that prohibits him from using alcohol or from entering any establishment that holds itself out to the public to be a bar or tavern.  He contends that the special condition is not

_____

[1]The Honorable Linda R. Reade, then Chief Judge, United States District Court for the Northern District of Iowa.

reasonably related to the sentencing factors set forth under 18 U.S.C. § 3553(a), particularly because the instant offenses were not related to alcohol use and his criminal history is devoid of offenses related to alcohol use. We review the imposition of a special condition of supervised release for abuse of discretion. United States v. Godfrey, 863 F.3d 1088, 1101 (8th Cir. 2017). Because there is no evidence to suggest that Jackson's firearms offenses were related to alcohol use, the question "is whether [Jackson's] history justified prohibiting him from both using alcohol and entering bars and taverns." Id. (quoting United States v. Forde, 664 F.3d 1219, 1223 (8th Cir. 2012)).

Jackson compares his history to that of the defendant's in United States v. Bass, 121 F.3d 1218 (8th Cir. 1997). In Bass, we vacated a condition of release that prohibited alcohol use "for a defendant convicted of drug trafficking, even though the defendant smoked marijuana twice per week, because there was no evidence that he was 'drug dependent,' and the district court had 'simply assume[d] that [the defendant] would as a matter of course replace alcohol for marijuana.'" United States v. Mosley, 672 F.3d 586, 590 (8th Cir. 2012) (quoting Bass, 121 F.3d at 1224). We have said that "[t]he precedential force of Bass . . . is limited," id., noting that Bass "predates the Supreme Court's series of sentencing cases emphasizing a sentencing court's broad discretion in crafting an individualized sentence," id. at 590-91 (quoting Forde, 664 F.3d at 1223). Although the court in Bass "purported to apply abuse-of-discretion review," its rejection of the district court's conclusions that the defendant was drug dependent and might substitute alcohol for marijuana "functioned more like de novo review." Id. at 591 (citing Gall v. United States, 552 U.S. 38, 56 (2007)).

Applying the appropriate deferential standard, we conclude that the special condition was justified. The presentence report (PSR) stated that Jackson began drinking alcohol when he was twenty-one. He consumed up to a pint of vodka eight times per year until he was incarcerated at age thirty-nine. Jackson's firearms possession offense was related to his marijuana use, and the PSR indicated that

Jackson smoked marijuana every two days from age eighteen until he was incarcerated. Moreover, according to medical records, Jackson had a history of depression and had attempted suicide. The records further indicated that Jackson had received a diagnostic impression for depression in August 2012. The PSR recommended the special condition on the basis of Jackson's regular use of marijuana for more than twenty years, and it identified the threat of cross-addiction as a reason to prohibit Jackson from using alcohol or from entering bars or taverns. In imposing the special condition, the district court relied upon the PSR's reasoning, adding, "We know that alcohol is a depressant, and for someone who has a diagnosis of depression and suicide ideation, it makes sense and really is in the best interest of Mr. Jackson that he not use alcohol." In light of this record, we cannot say that the district court abused its discretion in imposing the special condition. See United States v. Roberts, 687 F.3d 1096, 1101 (8th Cir. 2012) (upholding the ban on alcohol use and rejecting defendant's argument "that marijuana use alone cannot support alcohol-related bans when the crime was unrelated to alcohol").

The sentence is affirmed.

_____