# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1783
_____

United States of America

*Plaintiff - Appellee*

v.

Don Thompson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 11, 2019
Filed: June 21, 2019
[Unpublished]
_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2008, Donald Thompson was convicted of Bank Robbery and Use of a Firearm in Furtherance of a Crime of Violence in the Western District of Wisconsin. Thompson was sentenced to 124 months' imprisonment to be followed by 60 months of supervised release. He was released to supervision, which was transferred in 2017

to the Northern District of Iowa. While on supervision, Thompson lived with his girlfriend, Travisteen Lewis. Lewis is the mother of a child, J.L. Thompson has purported to be J.L.'s father.

After Thompson was found to be in violation of his conditions of release, the district court[1] modified Thompson's conditions. Relevant to Thompson's appeal is the court's order prohibiting Thompson from having any contact with Lewis, a person Thompson admitted had engaged in criminal activity, for the remainder of his supervised release. When Thompson appeared for a revocation hearing based on new violations of his supervised release conditions, he requested that the no-contact restriction with Lewis be modified in order to facilitate visitation with J.L. Specifically, Thompson requested that the restriction on contact with Lewis be reconsidered so that he can visit J.L., either through a third party or in a manner that would not violate the court's order. The district court granted Thompson's request, modifying the order to allow Thompson visitation, arranged through his probation officer, with J.L. upon presentation of proof of biological or legal paternity. Thompson did not object to the modification. Thompson now appeals, arguing the modified special condition does not comply with the goals of sentencing as required by 18 U.S.C. § 3583(d).

When a defendant fails to object to the imposition of a special condition, our review is for plain error. United States v. Schultz, 845 F.3d 879, 881 (8th Cir. 2017) (quoting United States v. Roberts, 687 F.3d 1096, 1100 (8th Cir. 2012)). In order to obtain relief, Thompson must show "there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011) (citing United States v. Curry, 627 F.3d 312, 314-15 (8th Cir. 2010) (per curiam)).

As originally imposed, the order prohibited Thompson from directly or indirectly contacting Lewis, which made exercising visitation with J.L. difficult. To address this difficulty, the court granted Thompson's modification request and allowed visitation through a third party if Thompson provided proof of paternity regarding J.L. The modified condition allowed Thompson to have contact with J.L. Thompson specifically suggested as an option that visitation be facilitated through a third party. Thompson was granted the relief he sought. The court had no information about J.L.'s paternity beyond Thompson's statement. Requiring some evidence of paternity, either biological or legal, is permissible under 18 U.S.C. § 3583(d), which gives the court the discretion to impose any condition set forth in 18 U.S.C. § 3563(b). Section 3563(b)(1) allows the court to impose a condition that is reasonably necessary for the defendant to "support his dependents and meet other family responsibilities." If J.L. is Thompson's son, Thompson has a legal obligation to provide financial support for the child. The court acted within its discretion when it imposed a condition that made visitation with J.L. contingent upon proof of paternity, as the establishment of paternity is a condition that is reasonably necessary for the support of J.L.

Under the circumstances present in this case, we conclude the district court committed no error, plain error or otherwise. We affirm.

_____