# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2770

_____

United State of America,            *
                                  *

       Plaintiff-Appellee,     *

                                  *   Appeal from the United States
   v.                          *   District Court for the
                                  *   Northern District of Iowa.

Christopher Todd Walters,     *

                                  *

       Defendant-Appellant.    *

_____

Submitted: February 16, 2011
Filed: July 5, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Christopher Walters ("Walters") pleaded guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court sentenced him to thirty months' imprisonment, followed by ten years of supervised release. Walters appeals two conditions of his supervised release, which restrict him from consuming alcohol or entering bars or similar establishments and which prohibit him from contacting minors without the prior approval of the probation office. We reverse in part and affirm in part.

I.

On September 25, 2000, Walters was convicted in Iowa of sexual abuse in the third degree for sexually abusing his eleven-year-old mentally challenged stepsister. As a result of this conviction, Walters was required to register as a sex offender in Iowa until November 24, 2014. Walters, however, failed to update his registration after moving out of a hotel in Cedar Rapids, Iowa, on December 7, 2009. As a result, a grand jury indicted him on January 12, 2010, charging him with failing to register as a sex offender. Walters entered a plea of guilty on March 15, 2010.

On July 21, 2010, the district court conducted a sentencing hearing and sentenced Walters to thirty months' imprisonment after noting Walters had accumulated four prior state convictions for failing to register as a sex offender since his release from prison in 2005. The court further sentenced Walters to ten years of supervised release. As part of the special conditions of his supervised release, the district court ordered:

> 2) The defendant is prohibited from the use of alcohol and is prohibited from entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.
> . . .
> 4) The defendant shall have no contact with children under the age of 18 . . . without the prior written consent of the probation office. The U.S. Probation Office shall work with the defendant and the defendant's family to set up communications and visits with the defendant's biological and legally adopted children.

Walters objected to these two conditions at the sentencing hearing. In response, the district court explained that it was restricting Walters from contacting minors without prior approval, including Walters's own children, because: Walters had two prior sex

offenses involving minors who were also family members[1]; Walters had two negative incidents during his prior sex-offender treatment, namely an inconclusive polygraph examination and an instance of being caught viewing pornography; Walters had no aftercare following his prior sex-offender treatment; and Walters had a history of being a sexual abuse victim and has an impulsive personality. By contrast, the district court provided no explanation for why it unconditionally restricted Walters from consuming alcohol or entering drinking establishments. Walters now appeals.

## II.

On appeal, Walters argues that the district court abused its discretion in imposing both of the challenged conditions because each condition is "overbroad" and in violation of the tailoring requirement contained in 18 U.S.C. § 3583(d)(2). Walters also argues that the district court procedurally erred by failing to conduct an individualized inquiry into the facts and circumstances of his case and by failing to explain on the record why it was appropriate to completely prohibit him from consuming alcohol or entering drinking establishments. We agree in part, addressing each special condition in turn.

A district court possesses broad discretion when imposing conditions of supervised release, provided that each condition: "1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Bender, 566 F.3d 748, 751 (8th Cir. 2009) (internal quotation marks omitted); see also 18 U.S.C. § 3583(d). "A condition is reasonably related to the statutory factors if tailored to the nature and circumstances of the

---

[1]Prior to sexually abusing his stepsister, Walters exposed himself to a female cousin, who was either eight or nine years old at the time.

offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal, or other correctional needs." United States v. Kelly, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as 'to ensure that the special condition satisfies the statutory requirements.'" United States v. Wiedower, ___ F.3d ___, No. 09-3192, 2011 WL 520839, at *2 (8th Cir. Feb. 16, 2011) (quoting United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010)). Finally, we review the terms and conditions of supervised release for abuse of discretion, reversing when the sentencing court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010) (internal quotation marks omitted).

A.

Walters argues that the district court abused its discretion in prohibiting him from consuming alcohol and entering bars and similar establishments. Walters asserts that this condition is overbroad and improperly tailored because alcohol never played a role in the offense of conviction or in his prior criminal conduct and because the record is devoid of any evidence of alcoholism. For support, Walters points to the lack of any current mental health evaluation recommending such a ban and the un-objected-to statements in the Pre-Sentence Investigation Report ("PSR") that he consumes approximately one drink per week. Walters also points to his completion of a prior substance-abuse treatment program for illicit narcotics. Walters further claims that the district court erred by failing to explain why it imposed this special condition of supervised release. The government resists, arguing that the restriction is appropriate because Walters still needs substance-abuse treatment, given that he

used illicit substances after his last treatment program, and because restricting alcohol consumption would promote a drug-free lifestyle, citing United States v. Behler, 187 F.3d 772, 779 (8th Cir. 1999). The government also asserts that banning alcohol will deter Walters from future criminal conduct and is generally appropriate in light of Walters's mental-health history. We agree with Walters.

We recently had an opportunity to review our prior jurisprudence on supervised release conditions that restrict defendants from consuming any alcohol. United States v. Simons, 614 F.3d 475, 480 (8th Cir. 2010) (collecting cases). We concluded that "[i]n general, we have upheld such bans for defendants with substance-abuse problems." Id. at 480. We also concluded, though, that "where the defendant's history or crime of conviction did not support a complete ban on alcohol, we have reversed." Id. In this case, the district court failed to provide any meaningful rationale in support of prohibiting Walters from consuming any alcohol or entering any drinking establishment. Additionally, the record before the district court provides little support for such a restriction. While Walters may possess an impulsive personality and while he may have used illicit substances after his last treatment program in 2005, nothing in the PSR suggests that Walters's use of alcohol spurred his criminal behavior or impeded efforts to rehabilitate him. Moreover, nothing in the record suggests that Walters is "drug dependent" and would replace an addiction to illicit substances with an addiction to alcohol. See United States v. Bass, 121 F.3d 1218, 1224–25 (8th Cir. 1997) (vacating a condition banning the consumption of alcohol when no evidence existed that the defendant was prone to abuse alcohol, that alcohol contributed to his criminal activity, or that the defendant was drug dependent, despite regular use of marijuana). Indeed, un-objected-to portions of the PSR indicate that Walters ceased using all illicit substances years prior to the hearing and that he only lightly consumes alcohol. The government attempts to bring Walters's case within the ambit of Behler, where we affirmed a ban on consuming alcohol, but Behler is inapposite because, in that case, the record showed that "any alcohol use would hinder the defendant's rehabilitation process," which is not true in Walters's case. 187 F.3d at 779.

Accordingly, given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion in imposing special condition two and, thus, vacate that condition.[2]

B.

Walters next challenges the fourth special condition of his supervised release, which prevents him from contacting minors without the prior written approval of the probation office. Walters asserts that this condition is also overbroad and improperly tailored as applied to his own children because no showing was made that a lesser restriction would not suffice given the lapse in time between Walters's prior sex offenses and given the lack of evidence that Walters poses a danger to his own children. The government resists, arguing that the district court did not abuse its discretion because Walters had two prior sex offenses against family members who were minors and because the significance of the passage of time since the prior offenses is materially diminished by the fact that Walters spent much of that time in prison. We agree with the government.

In Simons, we also had the opportunity to consider an identical condition for a defendant convicted of failing to register as a sex offender. 614 F.3d at 481–82. We upheld the condition under a plain-error standard of review because the restriction was not a complete ban and because the defendant had a history of sexually abusing minors, including a conviction for attempted indecent liberties with a child and a conviction for first degree rape by force or fear. Id. Our decision in Simons extended from our previous decisions holding that a defendant's sexual abuse of a minor is an important factor in determining the propriety of a no-contact condition with minors. Id. In United States v. Mark, for example, we held that a district court did not abuse

---

[2]We note that Walters must still abide by all the standard conditions of supervised release, which includes a restriction on any "excessive use of alcohol."

-6-

its discretion in prohibiting a defendant from contacting any minors, including his own children, without the prior approval of the probation office in part because the defendant had sexually abused a female family member who was a minor. 425 F.3d 505, 508 (8th Cir. 2005). In this case, the district court imposed the restriction primarily because of Walters's two prior incidents of inappropriate sexual contact with minor family members and because of its concern that Walters may not have been fully rehabilitated given the incidents during his prior sex-offender treatment and the lack of aftercare therapy. The record fully supports the district court's findings, and we can find no clear error in judgment. While the district court could have crafted a lesser-restrictive prohibition, we can find no abuse of discretion in the district court's decision not to do so, especially since the court ordered the probation office to facilitate Walters's contact with his family. Accordingly, we affirm the imposition of special condition four.

## III.

For the foregoing reasons, we vacate the second special condition of Walters's supervised release but affirm the imposition of the fourth special condition.

_____