# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2704

_____

United States of America

*Plaintiff - Appellee*

v.

Kendall Woodall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 8, 2014
Filed: April 3, 2015
[Published]

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kendall Woodall pleaded guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court sentenced him to ten months' imprisonment with five years of supervised release. Woodall appeals two conditions of his supervised release, which restrict him from (1) consuming alcohol

or entering bars or similar establishments and (2) having contact with minors without the probation office's prior approval. We affirm in part and reverse in part.

## I. *Background*

In 2001, Woodall was convicted of second-degree statutory rape and second-degree sodomy in Missouri for having sexual relations with his 15 year old stepsister. As a result, Woodall was required to register as a sex offender in Missouri. Woodall last complied with this requirement in May 2012. In November 2012, Woodall moved to Iowa but failed to notify the proper authorities in Missouri and failed to register as a sex offender in Iowa, as is required by the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.* Consequently, a grand jury indicted Woodall for failing to register as a sex offender in Iowa. Woodall pleaded guilty to this charge on March 24, 2014.

A presentence investigation report (PSR) was prepared prior to sentencing. The PSR found that Woodall "consumed marijuana once every other month" between the time he was 22 years old and his arrest for the current offense; further, Woodall described himself as a "social drinker, consuming one or two beers each month." Additionally, the PSR noted that Woodall was terminated from a sex offender treatment program in 2007 during a previous incarceration when he got into a fight with another inmate. The final finding of note in the PSR was that Woodall attempted to commit suicide in February 2014 by overdosing on over-the-counter drugs; Woodall left a suicide note that was derogatory and potentially threatening to U.S. Marshals. Woodall was subsequently diagnosed with major depressive disorder and potential adult attention deficit disorder. Neither Woodall nor the government objected to these PSR specific findings.

Following the sentencing hearing, the district court sentenced Woodall at the bottom of the Guidelines range. Additionally, it imposed five years of supervised

release. As part of the special conditions for supervised release, the court ordered, among other things, the following:

> 2) The defendant must not use alcohol nor enter bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.

* * *

> 5) The defendant must not have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the United States Probation Office.

The district court rejected Woodall's objection to the special condition relating to alcohol prohibitions. The court based its imposition of the condition on its conclusion that "[t]here's codependence between marijuana or other street drugs and alcohol. When a person who has a history of substance abuse can't use illegal drugs, they frequently will resort to alcohol, and that's the basis for the alcohol condition." The court also rejected Woodall's objection to the special condition relating to contact with minors because of the seriousness of his prior conviction relating to his stepsister.

## II. *Discussion*

Woodall appeals the imposition of both special conditions, arguing that the district court abused its discretion by failing to properly tailor the special conditions to "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in" 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d)(2).

We review a district court's imposition of special supervised release conditions for an abuse of discretion. *United States v. Jirak*, 728 F.3d 806, 815 (8th Cir. 2013)

(citation omitted). Generally, a sentencing court has broad discretion in requiring special conditions of supervised release, provided that each condition "'1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission.'" *United States v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011) (quoting *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009)). As noted above, Woodall challenges only the second requirement: that the special conditions prohibiting consuming alcohol or entering certain establishments and prohibiting contact with minors involve a greater deprivation of liberty than is necessary.

## A. *Alcohol Prohibition*

First, Woodall argues that the prohibition of consuming alcohol and entering establishments that derive their primary source of income from alcohol sales was based on a faulty premise: that Woodall was drug dependent based on his use of marijuana "every other month"[1] and that such dependency justified the prohibition because drug dependents readily become dependent on alcohol when they are precluded from using their drug of choice.[2] Further, Woodall points out that he has no history of alcohol-related offenses. Thus, if Woodall is not dependent on his use

---

[1]The PSR fact recitation is uncontested. The district court did not make any comments about alternative factual findings of drug use and abuse on the record, nor did it hear evidence to justify any alternative findings.

[2]Our precedent constrains us from commenting on the logic that those abusing illegal drugs will readily switch to abusing alcohol if their drug of choice is unavailable. *Compare United States v. Bass*, 121 F.3d 1218, 1224 (8th Cir. 1997) (rejecting this logic), *with United States v. Forde*, 664 F.3d 1219, 1223–24 (8th Cir. 2012) (accepting this logic as "judicial common sense" and noting that *Bass* was decided before *Gall v. United States*, 552 U.S. 38 (2007), which changed the sentencing landscape to allow for such common sense).

of marijuana and has no history of alcohol influencing him to be a danger to society, the alcohol prohibition would be a greater deprivation of liberty than necessary to achieve the goals of "rehabilitation and protection" considered by § 3553(a). *See Bass*, 121 F.3d at 1224 (citing *United States v. Prendergast*, 979 F.2d 1289, 1293 (8th Cir. 1992)).

In *United States v. Simons*, we reviewed prior precedent on similar special conditions prohibiting alcohol consumption and entering into certain establishments. 614 F.3d 475, 480–81 (8th Cir. 2010). Our review concluded that we have "upheld such bans for defendants with substance-abuse problems." *Id.* at 480 (citations omitted). Thereafter, in both *United States v. Forde*, 664 F.3d 1219, 1222–25 (8th Cir. 2012), and *United States v. Mosley*, 672 F.3d 586, 589–91 (8th Cir. 2012), we upheld special conditions prohibiting alcohol consumption and entrance into certain businesses because the defendants manifested drug dependency. In *Forde*, the PSR found that the defendant, by his own admission, "reported daily use of marijuana since he was 13" (being 26 years old at the time of sentencing); additionally, the PSR indicated that the defendant "completed a four-week outpatient drug program in Chicago." 664 F.3d at 1223. In *Mosley*, the PSR indicated that the defendant "used marijuana daily for ten years from 1988 to 1998" and that "[s]he abused crack cocaine daily for eight months in 1990." 672 F.3d at 589. She also underwent two separate substance abuse treatment programs in 1988. *Id.* at 589–90. The defendant described herself as a social drinker at the time of sentencing, but the court noted she had been convicted of driving a motor vehicle while intoxicated in 1997. *Id.* at 590. Finally, the defendant had mental health issues and had been diagnosed with "depressive disorder, anxiety disorder, cannabis use, and history of cocaine abuse." *Id.* (quotation marks omitted). Thus, even though the defendant's drug dependancy was over ten years before her sentencing in 2010, when combined with her mental health issues, we found the district court was justified in imposing the special condition prohibiting alcohol. *Id.* at 591.

Since *Simons*, we have also decided *United States v. Walters*, which struck down a similar special condition prohibiting alcohol when we determined the defendant was not drug dependent. 643 F.3d 1077, 1080 (8th Cir. 2011). In *Walters*, the PSR indicated that the defendant had "ceased using all illicit substances years prior to the hearing and that he only lightly consumes alcohol." *Id.* Thus, even though he had a history of substance abuse, "nothing in the record suggests that [the defendant] is 'drug dependent' and would replace an addiction to illicit substances with an addiction to alcohol." *Id.* Further, "nothing in the PSR suggest[ed] that [the defendant's] use of alcohol spurred his criminal behavior or impeded efforts to rehabilitate him." *Id.*

In Woodall's case, the central question is whether Woodall is "drug dependent"; based on the undisputed facts as presented in the PSR, we cannot so conclude. According to *Walters*, Woodall's consumption of one or two beers each month is a light consumption of alcohol. Further, Woodall's consumption of marijuana once every other month does not constitute drug dependence. *See Bass*, 121 F.3d at 1224 (finding that using marijuana "twice per week" did not constitute drug dependence). Rather, the term "dependence" implies that a person is psychologically or physiologically reliant on a substance. Therefore, Woodall's use of marijuana once every other month, while unwise and likely illegal, comes short of drug dependency. Finally, we realize that Woodall's suicide attempt and mental health diagnoses weigh in favor of the alcohol prohibition, as it did in *Mosley*. Nevertheless, the district court's condition relied predominantly on a factual conclusion of drug dependency without linking it to another factor such as mental health.

B. *Contact with Minors Prohibition*

Second, Woodall challenges the special condition that prohibits his contact with minors without prior written approval from the probation office. Woodall's challenge is based on his unlikelihood of recidivism and the age of his 13 year old sex-related offense.

When considering similar special conditions of supervised release, we have relied upon the defendant's history of sexual assaults against minors to determine if the special condition is reasonably related to protecting children from the defendant's potential recidivism. In both *Walters* and *Simons*, we upheld similar prohibitions when considering that the defendants in each case had previously sexually abused children. *Walters*, 643 F.3d at 1081; *Simons*, 614 F.3d at 481–82; *see also United States v. Mark*, 425 F.3d 505, 508 (8th Cir. 2005) (upholding a similar special condition based, in part, on the defendant's one prior "sexual exploration with a female family member who was a minor"). We also consider the age of Woodall's conviction as a relevant, but not dispositive, factor to weigh. *See United States v. Scott*, 270 F.3d 632, 635–36 (8th Cir. 2001) (vacating a similar special condition because of the age of a 15 year old conviction *and* the lack of a reasonable relationship to the nature of the convicted offense).

Taking the seriousness and the age of Woodall's prior sex-related offense into consideration, as well as its relationship to the instant offense of failing to register as a sex offender, we find that the district court did not abuse its discretion in imposing this special condition. Woodall's prior offense of sexually abusing his 15 year old stepsister was very serious, and Woodall's failure to register as a sex offender is directly related to potential recidivism. Further, Woodall has yet to complete a sex-offender treatment program, which also relates to potential recidivism and justifies the need to take measures to protect the community after Woodall's release from incarceration.

## III. *Conclusion*

For the foregoing reasons, we vacate the special condition of Woodall's supervised release prohibiting any consumption of alcohol or entry into businesses that derive their primary source of income in the sale of alcohol; we affirm the special condition prohibiting Woodall's contact with minors.

_____