# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3305

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Brown, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: May 11, 2015
Filed: June 19, 2015
[Published]

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Dennis Brown, Jr. pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Brown to 57 months imprisonment, recommending "the defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Residential Drug Abuse Treatment

Program." The district court also sentenced Brown to three years of supervised release with several special conditions of supervision, including the following:

> The defendant must not use alcohol nor enter bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.

At the sentencing hearing, the district court overruled Brown's objection to the alcohol special condition. Brown appeals. Because Brown objected at sentencing, we review for an abuse of discretion. See United States v. Forde, 664 F.3d 1219, 1222 (8th Cir. 2012).

At Brown's sentencing hearing, the district court considered Brown's Presentence Investigation Report (PSR), which gave no indication alcohol or drugs played any part in the offense conduct. Brown admitted to marijuana use twice in his life—both times while on parole in 2014—and alcohol use once in his life, in December 2013. Brown's criminal history involved no charges relating to drugs or alcohol, yet it noted the use of marijuana twice while on parole, resulting in a failed urinalysis on one occasion. Brown's PSR indicated he never participated in substance-abuse treatment, but also reported Brown stated he "may benefit" from such a course of treatment.

A district court may impose a special condition of supervised release that "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. §] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)," among other requirements. 18 U.S.C. § 3583(d)(2). Alcohol bans like Brown's can be appropriate "'for defendants with substance-abuse problems,'" but not "'where the defendant's history or crime of conviction [does] not support a complete ban on alcohol.'" Forde, 664 F.3d at 1222 (quoting United States v. Simons, 614 F.3d 475, 480 (8th Cir. 2010)). "'When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the

-2-

special condition satisfies the statutory requirements.'" Id. (quoting United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011)).

We recently vacated the sentencing court's imposition of the same special condition of supervised relief. See United States v. Woodall, 782 F.3d 383, 384-85, 388 (8th Cir. 2015) (per curiam). We stated "the central question [wa]s whether Woodall [wa]s 'drug dependent.'" Id. at 387 (quoting United States v. Walters, 643 F.3d 1077, 1080 (8th Cir. 2011)). Like Brown, Woodall's offense did not involve alcohol or drugs. See id. at 385. Like Brown, Woodall admitted to alcohol and marijuana use, and at a greater frequency than Brown—marijuana use "every other month" and "one or two beers each month." Id. Like Brown, Woodall did not object to the district court's recommendation to the Bureau of Prisons that he participate in the 500-hour drug treatment program. We also identified no evidence other than Woodall's PSR was introduced at his sentencing hearing to support a finding of drug dependency. See id. at 386 n.1. We concluded the sentencing court abused its discretion in imposing the alcohol special condition because we could not conclude Woodall was "drug dependent." Id. at 387.

At Brown's sentencing hearing, the district court's sole factual findings as to Brown's drug and alcohol use were that Brown (1) "void[ed] a [urinalysis] that tested positive for marijuana," "was revoked [from supervised release] for using marijuana while under supervision," and "assert[ed] that he's only used two times in his whole life"; and (2) "consumed a half pint of . . . cognac on December 25, 2013, [which] was the only time he ever consumed alcohol." The district court expressed skepticism that Brown's alcohol and marijuana use were as limited as he claimed and likened Brown to an "addict." Brown's failure to object to the 500-hour drug treatment program supports the district court's skepticism. However, Brown's record does not include (1) a drug-related underlying conviction; (2) other drug-related charges; (3) prior participation in an outpatient drug program; or (4) an extensive history of

drug abuse. The record evidence of Brown's drug use is even less than the record in Woodall, which we found did not support a finding of drug dependence.

Based on our prior precedent in Woodall, we conclude the district court did not "'make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements,'" Forde, 664 F.3d at 1222 (quoting Wiedower, 634 F.3d at 493), and abused its discretion in imposing the alcohol special condition. We vacate the alcohol special condition for Brown's term of supervised release.

———————————————