# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1824

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Mason Craig, Jr.

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: March 14, 2016
Filed: April 25, 2016
[Unpublished]

————————

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

James Mason Craig, Jr., pleaded guilty in the Western District of Arkansas to receiving child pornography and was sentenced by the district court[1] to 80 months of

———————————————

[1]The Honorable Jimm Larry Hendren, then Chief Judge, United States District Court for the Western District of Arkansas.

imprisonment and 30 years of supervised release. Following Craig's release from prison, responsibility for his supervised release was transferred from the Western District of Arkansas to the Eastern District of Arkansas. Shortly after the transfer and with no allegation of a violation, the probation office in the Eastern District of Arkansas sought to modify the conditions of Craig's supervised release. After a hearing, the district court[2] imposed several of the requested special conditions over Craig's objections. Craig now appeals, arguing that the district court abused its discretion in imposing four of the special conditions. We affirm.

A district court has broad discretion to impose special conditions of supervised release, provided that the conditions are reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a), do not involve a greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy statements of the Sentencing Commission. See 18 U.S.C. § 3583(d); United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (standard of review). In fashioning a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances of a case and make findings on the record sufficient to ensure that the condition imposed satisfies the statutory requirements. See Wiedower, 634 F.3d at 493. A district court may modify conditions of supervised release at any time during a term of supervised release as long as the court complies with these requirements. See United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004) (citing § 3583(e)(2) and noting that a district court may modify special conditions "on evidence that was available at the original sentencing" because the statute that authorizes modification "does not require new evidence, nor even changed circumstances"). With these standards in mind, we consider each of Craig's arguments in turn.

---

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Craig first argues that the special condition requiring him to "abstain from the use of alcohol throughout the course of supervision" was not reasonably related to the § 3553(a) sentencing factors or to his particular characteristics. Craig asserts that there is nothing in the record to suggest that alcohol or drug use contributed to his offense of conviction or that he had a history of alcohol or drug abuse. He also notes that, prior to its request for a modification, the probation office made no allegation that he had abused alcohol during his term of supervised release. Thus, he argues, the district court abused its discretion by imposing this special condition. We disagree.

Although "a sentencing court abuses its discretion by imposing a total alcohol ban in circumstances where the record evidence does not support such a restriction," United States v. Behler, 187 F.3d 772, 779 (8th Cir. 1999), we have "repeatedly affirmed total bans on alcohol consumption when *either* the defendant's history and characteristics *or* the crime of conviction supported the restriction, United States v. Robertson, 709 F.3d 741, 748 (8th Cir. 2013) (citing cases). Here, the district court observed that alcohol "does affect one's inhibitions" and specifically referred to a serious incident in which Craig, as a teenager, suffered a severe skull injury in an ATV accident where alcohol was a factor. The court noted that Craig had been "drinking heavily on the night he was injured . . . , or at least his blood alcohol level would so indicate" and that, because of the accident and resulting head injury, Craig's judgment and impulse control were impaired. Acknowledging that alcohol had not contributed directly to the offense of conviction and that Craig was not currently dependent on alcohol, the court nevertheless focused on the fact that "[a]lcohol got [Craig] into trouble" in the past. Thus, the court reasoned that a ban on alcohol consumption was appropriate in light of Craig's history of poor judgment when drinking alcohol, his already impaired judgment and impulse control and the negative impact alcohol consumption has on those traits, and the need to avoid any potential interference with Craig's completion of sex-offender treatment.

The circumstances in this case differ from those presented in <u>United States v. Woodall</u>, 782 F.3d 383 (8th Cir. 2015) (per curiam), and <u>United States v. Brown</u>, 789 F.3d 932 (8th Cir. 2015) (per curiam), in which we vacated similar alcohol bans. Craig's personal history and characteristics, unlike the defendants in <u>Woodall</u> and <u>Brown</u>, included a serious injury related to alcohol abuse that, according to his family and three consulting psychologists, resulted in permanent impairment of Craig's ability to exercise good judgment and control his impulses. We conclude that in these circumstances the special condition prohibiting consumption of alcohol was reasonably related to the § 3553(a) sentencing factors and was tailored to Craig's particular history and characteristics. See <u>United States v. Mosley</u>, 672 F.3d 586, 590-91 (8th Cir. 2012) (affirming ban on alcohol in light of mental-health issues and history of drug dependency ten years earlier). The district court thus did not abuse its discretion by imposing this no-alcohol condition.

Craig next argues that the special condition prohibiting him from purchasing, possessing, or viewing "any media forms containing pornographic images or sexually oriented materials," including "materials containing 'sexually explicit conduct' as defined in 18 U.S.C. § 2256(2)," was not supported by individualized findings. Again, we disagree.

The district court stated that the prohibition on pornography was "appropriate" given Craig's "very impulsive" and childlike behavior. The court specifically noted that Craig stated that he had been "looking for adult pornography when he came upon the child pornography" and began downloading those images. The court reasoned that access to adult pornography would "invite[] him [to] sink[] again into" a similar violation. "[F]or someone who" suffers from judgment and impulse-control issues like Craig, the court concluded, "a restriction on pornography is appropriate." This case is readily distinguishable from <u>United States v. Bender</u>, 566 F.3d 748, 752 (8th Cir. 2009), in which the district court abused its discretion in imposing a ban on pornography based solely on the defendant's membership in the class of sex offenders

in general. Here, in contrast, the district court conducted the requisite individualized assessment and thus did not abuse its discretion by imposing this special condition.

Craig also argues that the special condition prohibiting him from associating or having "contact with convicted sex offenders unless in a therapeutic setting and approved by the probation office" is unconstitutionally overbroad because he cannot know prior to contact whether individuals he encounters are sex offenders, is not reasonably connected to his underlying offense, and is more restrictive than necessary.

A special condition of supervised release is unconstitutionally overbroad only "if its overbreadth is real and substantial in relation to its plainly legitimate sweep." United States v. Thompson, 653 F.3d 688, 695 (8th Cir. 2011). The district court noted that Craig had "shared child pornography with other people on the internet," obtaining from another individual or individuals a total of 560 images or videos of child pornography. The court observed that this special condition "requires [Craig] to be wary of his associations" and noted that, to avoid a potential violation, Craig should "stay in touch with [his] probation officer and ask questions." Given that Craig's offense of conviction required him to have contact with other individuals who were trafficking in illegal child pornography, this condition has a legitimate sweep and is directly connected to his underlying offense. We also conclude that this condition is not overbroad in relation to its legitimate sweep, as it does not constitute a total associational ban. As the government points out, because Craig's probation officer may allow such contact if it is deemed appropriate, the condition does not constitute a blanket prohibition.

Moreover, one of the standard conditions of supervised release imposed upon Craig in the original judgment provided that Craig "not associate with any persons engaged in criminal activity [or] any person convicted of a felony, unless granted permission to do so by the probation officer." This special condition merely modifies

the standard condition by prohibiting contact or association with a specific class of convicted felons, and it is reasonably related to Craig's specific offense of conviction.

The defendant in United States v. Love, 593 F.3d 1, 13 (D.C. Cir. 2010), challenged as overly broad a similar special condition of supervised release that prohibited "associat[ion] with known sex offenders or groups of individuals engaged in such activity." The court rejected the argument, stating, "Preventing Love from interacting with others who share his predilections is reasonably related to the specific-deterrence objectives of supervised release." Id. So too here. Craig had obtained hundreds of images and videos of child pornography from others who were engaged in the criminal activity of possessing and distributing child pornography. The district court did not abuse its discretion by imposing this special condition. Cf. United States v. Llantada, 815 F.3d 679, 685 (10th Cir. 2016) (affirming condition identical to Craig's as not infringing on associational rights); but cf. United States v. Poulin, 809 F.3d 924, 934 (7th Cir. 2016) (reversing condition identical to Craig's as impermissibly vague and lacking scienter requirement).

Finally, Craig argues that the special condition prohibiting him from owning or possessing "any type of camera, photographic device, or equipment," including a cell phone, without approval from the probation office is not reasonably related to his underlying offense and is a greater deprivation of liberty than is reasonably necessary.

Although Craig did not himself use a camera or other recording device in committing the offense of conviction, the record reflects that he downloaded 157 videos and 403 still images of child pornography—all of which were necessarily produced using photographic equipment. Indeed, the district court imposed this special condition because Craig "used pictures in this offense," even if he did not produce or distribute those images. This condition is reasonably related to Craig's history and characteristics, as well as to the offense of conviction.

Moreover, any deprivation of Craig's liberty is mitigated by the fact that he is not completely barred from possessing a camera; he may apply to the probation office for an exception when needed. We have previously upheld the imposition of such conditions with respect to defendants who, like Craig, were found guilty of possessing or receiving child pornography. See United States v. Koch, 625 F.3d 470, 481 (8th Cir. 2010) (upholding as reasonable a restriction on the use of cameras where evidence showed that defendant possessed a large number of images of child pornography); United States v. Ristine, 335 F.3d 692, 696 (8th Cir. 2003) (same). The district court did not abuse its discretion in doing the same here.

The judgment is affirmed.

_____