19-138
*United States v. Kelsey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

Present:
>ROBERT A. KATZMANN,
>*Chief Judge*,
>RICHARD C. WESLEY,
>JOSEPH F. BIANCO,
>*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>*Appellee*,

v.                                                                                      19-138

TONEY KELSEY, AKA BLAZE,

>*Defendant-Appellant*.

_____

For Appellee:                              SARALA V. NAGALA, Assistant United States Attorney (Marc H. Silverman, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:       MARSHA R. TAUBENHAUS, ESQ., New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Toney Kelsey appeals from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*), sentencing him to 180 months' imprisonment after being convicted of one count of conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c) and two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c). Kelsey challenges the district court's (1) finding that he was competent to stand trial; (2) denial of his last-minute request for new counsel; (3) evidentiary rulings precluding Kelsey from introducing evidence of how old his minor victims looked, admitting evidence of Kelsey's involvement in adult prostitution and interactions with adult women, and admitting evidence of allegedly "speculative" testimony; and (4) restitution calculation and order that he pay restitution immediately upon the entry of judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Competence to Stand Trial**

Kelsey first argues that the district court violated his right to due process by finding him competent to stand trial because (1) in doing so, the district court reversed its prior finding that he was incompetent to stand trial without a hearing and in the face of conflicting medical opinion, and (2) subsequent events including Kelsey's behavior on the first day of trial, his refusal to be interviewed by probation, and the district court's remarks about Kelsey's mental health at sentencing required that it hold another competency hearing. We reject Kelsey's

2

challenges to the district court's finding that he was competent to stand trial.

To find a defendant competent to stand trial, a district court must find by a preponderance of the evidence that the defendant has "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998).[1] The district court's determination may rest on both medical evidence and its own observations of the defendant. *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995).

Under 18 U.S.C. § 4241(e), when the director of a facility in which a defendant is hospitalized determines that the defendant has recovered to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate with the clerk of the court that ordered the commitment. 18 U.S.C. § 4241(e). At that point, the court that ordered the defendant's commitment is required to hold a hearing to determine the competency of the defendant. *Id*. At the hearing, the defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d).

We review the district court's competency finding for clear error, *see Morrison*, 153 F.3d at 46, and its decision on whether to order a new hearing for abuse of discretion, *see United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010) (per curiam). "Where the record on competency may plausibly be read to indicate the defendant may not have been competent, we still defer to the judgment of the district court, which had the benefit of examining the defendant

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

and hearing from the fact and expert witnesses in person." *Morrison*, 153 F.3d at 46.

Contrary to Kelsey's contention, the district court did hold a competency hearing as required by 18 U.S.C. §§ 4241(e) and 4247(d) after a forensic psychologist issued a report concluding that Kelsey was competent to stand trial (the "Marquez Report").[2] At the hearing, Kelsey did not challenge the district court's proposed finding of competence based in part on the Marquez Report or seek to present evidence supporting a finding of incompetence. Rather, defense counsel represented that he and Kelsey "have had an opportunity to talk and he looks like he's engaged and he looks like he wants to participate in the defense and he's indicated that [to defense counsel]." Appellant App'x at 117. Those representations constitute substantial evidence in favor of a finding of competence. *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986) ("[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence."). Accordingly, we identify no clear error in the district court's competency finding, which was based on the Marquez Report, defense counsel's representations, and its own observations of Kelsey. Kelsey's behavior at and after trial and the district court's discussion of Kelsey's mental health at sentencing do not undermine the district court's finding. We therefore reject Kelsey's challenges to the district court's finding that Kelsey was competent to stand trial.

## II.    Request for New Counsel

Kelsey next challenges the district court's denial of his request for new counsel, made on the first day of trial. "While a defendant has a right to counsel of his choice under the Sixth

---

[2]  The district court previously found Kelsey incompetent to stand trial based in part on a 2017 report by a forensic psychiatry fellow.

4

Amendment, it is not an absolute right. Absent a conflict of interest, a defendant in a criminal case does not have the unfettered right to retain new counsel, particularly after trial has commenced." *United States v. Paone*, 782 F.3d 386, 392 (2d Cir. 1986). Still, "where a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." *McKee v. Harris*, 649 F.2d 927, 933 (2d Cir. 1981). "In determining whether to allow a defendant to retain new counsel, the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008). We review a denial of a request to substitute counsel for abuse of discretion. *Id*. at 161.

Here, the district court acted well within its discretion in denying Kelsey's last-minute request for new counsel. It considered Kelsey's request at length and noted that it had appointed Kelsey new counsel on multiple occasions and that Kelsey had failed to cooperate with each. The district court also heard from the government, which represented that it was prepared to proceed and that it had witnesses who had travelled from out of state to testify. While Kelsey argued that his delay in requesting new counsel was due to the recent appointment of his newest attorney, that argument is undermined by the fact that Kelsey met with that attorney on multiple occasions before trial. For these reasons, the district court acted well within its discretion in denying Kelsey's request. Kelsey's challenge to comments made by defense counsel during trial does not render the district court's decision not to appoint new counsel an abuse of discretion. We therefore affirm its denial of Kelsey's request.

## III.    Evidentiary Rulings

Kelsey also challenges three of the district court's evidentiary rulings. He first argues that the district court erred in precluding him from introducing evidence that his minor victims

reasonably appeared to be older than 18. This argument fails. Under our precedent, the government may prove the knowledge element of a sex trafficking of a minor offense in three ways—by showing that "(1) the defendant had knowledge of the victim's underage status; (2) that the defendant recklessly disregarded that fact; or (3) that the defendant had a reasonable opportunity to observe the victim." *United States v. Robinson*, 702 F.3d 22, 32 (2d Cir. 2012). "[S]trict liability" is created when the defendant had a reasonable opportunity to observe the victim. *Id.* at 39; *see* 18 U.S.C. § 1591(c). Since the government proved knowledge on the counts at issue by establishing that Kelsey had a reasonable opportunity to observe the minor victims, the district court did not abuse its discretion in precluding Kelsey from introducing evidence that his minor victims appeared to be older than 18. Indeed, Kelsey acknowledged that *Robinson* foreclosed this request in responding to the government's motion *in limine* concerning this issue. Appellee App'x at 60 ("I've read *Robinson*. I understand it vitiates any cross that I might have.").

Second, Kelsey argues that the district court erred in admitting evidence of Kelsey's involvement in adult prostitution and his interactions with adult women because the challenged evidence was largely irrelevant to the charges against him and unfairly prejudicial. We disagree. Kelsey's involvement in adult prostitution and his interactions with co-conspirators Kari Yates and Savannah Rosa are directly relevant to the operation of the charged conspiracy and his participation in it. The challenged evidence was not unfairly prejudicial, particularly as it did not involve conduct that was more inflammatory than the conduct at issue at trial. *See United States v. Dupree*, 870 F.3d 62, 77 (2d Cir. 2017).

Third, Kelsey argues that "vast swaths" of Yates's testimony were "surmise" and therefore inadmissible. Appellant's Br. at 102. Again, we disagree. Yates's testimony was

6

supported by her personal knowledge of Kelsey's sex trafficking activities. Her use of phrases such as "probably" and "I guess" at times to qualify her testimony concern the weight of the challenged evidence, not its admissibility.

## IV.    Restitution

Finally, Kelsey argues that the district court erred in calculating the restitution owed to Sarah Packard and Alyssa Grant and requiring immediate payment upon the entry of judgment. Kelsey's challenge to the restitution he owes Packard lacks merit.[3] The presentence report's calculation of restitution for Packard—which was adopted by the district court without objection— is supported by Sarah Beaulieu's testimony. Under these circumstances, the district court did not commit plain error in awarding restitution of $1300 to Packard.

However, the district court plainly erred in ordering that Kelsey pay restitution immediately upon the entry of judgment despite its finding that Kelsey lacked the ability to pay. A district court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—(A) the financial resources and other assets of the defendant . . . ; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant. . . ." 18 U.S.C. § 3664(f)(2). Although a district court is not required to state on the record that it has considered the mandatory factors in § 3664(f)(2), *United States v. Walker*, 353 F.3d 130, 134 (2d Cir. 2003), if "the record does not establish that the sentencing judge considered the factors, we must vacate the restitution order and remand the case for resentencing," *United States v. Harris*, 302 F.3d 72, 75 (2d Cir. 2002) (per curiam). If "we are

---

[3] Kelsey's challenge to the district court's order of restitution to Grant is inadequately briefed and we therefore decline to address it on appeal. *United States v. Quinones*, 317 F.3d 86, 90 (2d Cir. 2003) ("[I]t bears recalling our well-settled rule that we do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.").

satisfied that the required factors were considered, we then review any findings resulting therefrom for clear error, and we review the district court's choice of a restitution payment schedule for abuse of discretion." *Id.* If a district court abuses its discretion by fashioning a restitution order that is unsupported by the record, this "constitutes an illegal sentence and amounts to plain error." *United States v. Mortimer*, 52 F.3d 429, 436 (2d Cir. 1995).

Here the district court's requirement that Kelsey pay restitution immediately upon the entry of judgment is inconsistent with its decision to waive interest because it "finds that the defendant isn't capable of paying it now and not likely to be able to pay it for some period of time." Appellee App'x at 364. When fashioning a payment schedule on remand, the district court should take account of the mandatory factors laid out in 18 U.S.C. § 3664(f)(2) and construct a payment schedule that is supported by the record and its findings, including additional findings it may deem appropriate, concerning Kelsey's ability to pay restitution.

We have considered Kelsey's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, we **AFFIRM** in all respects, except we **VACATE** the district court's restitution order and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8