# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1939

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Brown, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 10, 2021
Filed: September 17, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, SHEPHERD and GRASZ, Circuit Judges.

_____

PER CURIAM.

Appellant Dennis Brown, Jr., challenges two newly-imposed supervised release conditions: a total ban on alcohol use or possession and required participation in the Remote Alcohol Testing Program. We affirm the district court's[1] judgment.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

In 2014, Brown pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). The district court sentenced him to 57 months of imprisonment followed by three years of supervised release. In Brown's initial appeal after his sentencing hearing, we vacated a special condition prohibiting him from using or possessing alcohol and entering bars, taverns, or other establishments whose primary source of income was derived from the sale of alcohol. *See United States v. Brown*, 789 F.3d 932 (8th Cir. 2015). We held the district court's findings on the record were insufficient to ensure the requirements of 18 U.S.C. § 3583 were satisfied "and [the district court] abused its discretion in imposing the alcohol special condition." *Id.* at 934.

Brown was released from prison and began his supervised release term in February 2019. In April 2020, the probation office moved to revoke Brown's supervision, alleging he violated his terms of supervised release by: (1) failing to timely notify his probation officer of his change in employment; (2) using an excessive amount of alcohol; and (3) committing a new law violation. The violations were domestic assault causing injury, public intoxication, and interference with official acts—each under Iowa law.[2] Brown ultimately admitted the first (failing to notify) and third (interfering with official acts) violations, but neither admitted nor denied committing domestic assault or public intoxication.

At the sentencing hearing, the district court considered, without objection, video evidence of the victim describing the domestic assault, pictures of the victim's injuries, as well as police reports and notes describing Brown's state law offenses. In the video, the victim said Brown hit her in the face, hands, and stomach and that he drank alcohol before the assault. The police reports included an officer's observation that Brown smelled of liquor, had bloodshot eyes, and refused a blood-alcohol test.

---

[2]According to a letter from Brown's counsel submitted under Fed. R. App. P. 28(j), in August of 2020, the State of Iowa dismissed the public intoxication charge, and Brown pled guilty to the domestic assault charge.

The district court found that Brown violated all three supervised release terms alleged in the petition. The district court then revoked Brown's supervised release and, after considering the appropriate 18 U.S.C. § 3553(a) factors, imposed a sentence of six months of imprisonment followed by one year of supervised release. The district court imposed two new special supervised release conditions prohibiting Brown from using or possessing alcohol and requiring his participation in the Remote Alcohol Testing Program. The district court determined these special conditions were warranted because Brown had a "substance abuse problem," evinced by his alcohol consumption before committing domestic assault and his public intoxication, as well as his past use of marijuana while on supervised release.

Brown challenges the imposition of these two special conditions, arguing they deprive more of his liberty than is necessary. *See* 18 U.S.C. § 3583(d)(2). We review the district court's imposition of a special condition of supervised release for abuse of discretion. *See United States v. Jirak*, 728 F.3d 806, 815 (8th Cir. 2012).

"A district court may impose a special condition of supervised release that 'involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. § ] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D),' among other requirements." *Brown*, 789 F.3d at 933 (alteration in original) (quoting 18 U.S.C. § 3583(d)(2)). Special conditions banning the use of alcohol may be appropriate when the defendant has a substance abuse problem, but only if the defendant's history or crime of conviction supports a complete ban on alcohol. *Id.* (citing *United States v. Forde*, 664 F.3d 1219, 1222 (8th Cir. 2012)). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *Id.* (quoting *Forde*, 664 F.3d at 1222).

We conclude the district court did not abuse its discretion here. Brown abused alcohol in conjunction with domestic assault and public intoxication. According to the victim, Brown was drinking immediately before the assault. And

later that night, police found Brown smelling of alcohol with bloodshot eyes, leading them to believe he was intoxicated. Combined with Brown's past use of marijuana, as reflected in Presentence Investigation Report, which Brown did not object to, this conduct supports the district court's finding that Brown had a substance abuse problem. Thus, the district court made sufficient findings supported by the record in its individualized inquiry to justify the challenged special conditions.

We affirm the district court's sentence.

_____