# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2598
_____

United States of America

*Plaintiff - Appellee*

v.

James Robert Evilsizer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 17, 2026
Filed: May 12, 2026
[Unpublished]
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

James Robert Evilsizer pleaded guilty to two counts of distributing methamphetamine within 1,000 feet of a playground, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 851, and 860(a). The district court[1] denied his motion for a downward

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

variance and sentenced him to 324 months in prison and eight years of supervised release. We affirm.

Evilsizer argues that the district court failed to recognize its authority to vary from the Guidelines range. See Gall v. United States, 552 U.S. 38, 51 (2007) (procedural error to treat the Guidelines as mandatory). The court said it was for the Sentencing Commission, and ultimately Congress, to decide what methamphetamine ratio the Guidelines use and how to weigh the seriousness of different crimes. But the district court knew the Guidelines were advisory and did not treat them as mandatory. And although the court said it supports reconsidering the current ice versus powder ratio, it also recognized its discretion to "vary from the guidelines if [it] wish[ed]" and "cho[se] not to do so." See United States v. Webb, 70 F.4th 1038, 1045–46 (8th Cir. 2023) ("district court did not treat the Guidelines as mandatory," even though it "deferred to Congress and the Sentencing Commission" on treatment of ice versus powder methamphetamine); see also United States v. Feemster, 572 F.3d 455, 460–61 (8th Cir. 2009) (en banc) (district court should first calculate the applicable Guidelines range and then use its discretion to determine whether a variance is appropriate (citing Gall, 552 U.S. at 49)); 18 U.S.C. § 3553(a)–(b).

Evilsizer also says the district court abused its discretion when it imposed a supervised release condition prohibiting the use or possession of alcohol and requiring permission from a probation officer before entering a bar or tavern. See United States v. Werkmeister, 62 F.4th 465, 472 (8th Cir. 2023) (standard of review). He claims his decades-old convictions for underage possession of alcohol and public intoxication are too remote to justify the ban. See United States v. Woodall, 782 F.3d 383, 386 (8th Cir. 2015) (reversing alcohol-related special condition where defendant had "no history of alcohol influencing him to be a danger to society"). But the district court also relied on Evilsizer's recent drug abuse and found that he had a "polysubstance problem" justifying the condition. See Werkmeister, 62 F.4th at 472 ("Even where a defendant's history involves abuse of drugs rather than alcohol, . . . a district court may recognize the threat of cross-addiction and respond

by imposing a ban on alcohol use.").  And "[w]here a defendant exhibits problems with substance abuse, a district court generally acts within its discretion by imposing a prohibition on the use of alcohol and the entry into alcohol-oriented establishments."  Id.

Affirmed.

_____